# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TUNECO SMITH,<br><br>            Plaintiff,<br><br>     v.<br><br>J. WOODFORD, et al.,<br><br>            Defendants.<br>_____/ | CASE NO. 1:06-cv-00255-LJO-NEW (DLB) PC<br><br>ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS<br><br>(Doc. 1) |

I.      Screening Order

   A.     Screening Standard

   Plaintiff Tuneco Smith ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on January 9, 2006.

   The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

  B. Plaintiff's Claims

Plaintiff is an inmate housed at California State Prison-Corcoran, where the events at issue in this action allegedly occurred. Plaintiff seeks money damages and equitable relief from defendants Woodford, Hernadez, Bottello, and Carbal for the alleged violation of his constitutional rights. Plaintiff's claims arise from the conditions he was exposed to while in the Security Housing Unit (SHU), retaliation, and denial of access to the courts.

   1. Conditions of Confinement

Plaintiff alleges that he is HIV positive and was subjected to detrimental living conditions while in the SHU from November 11, 2004, through October 17, 2005. Plaintiff alleges that

defendants Hernadez, Bottello, and Carbal removed his store bought food from the original packets, causing the food to become stale. Plaintiff also alleges that he was deprived of clean clothing and linens, cleaning supplies for hygiene, and disinfectant for his cell; that the food was cold and had hair in it, and the portions were substandard; and that the showers were not cleaned.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). "[E]xtreme deprivations are required to make out a conditions-of-confinement claim." Hudson v. McMillian, 503 U.S. 1, 9 (1992) (internal quotation marks and citations omitted). With respect to this type of claim, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Id. (quotations and citations omitted).

Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45.

Plaintiff has not alleged sufficient facts to support a claim that the conditions he was subjected to were sufficiently grave to support a claim for violation of the Eighth Amendment, or

that defendants Hernadez, Bottello, and Carbal were responsible for the knowing disregard of "an excessive risk to [plaintiff's] health . . . ." Farmer, 511 U.S. at 837. Plaintiff fails to state a claim for violation of the Eighth Amendment.

### 2. Obstruction of the Grievance Process

#### a. Retaliation

Plaintiff alleges that he was retaliated against for using the inmate appeals process, and his grievance was obstructed. The existence of an administrative remedy process does not create any substantive rights and cannot support a claim for relief for violation of a constitutional right. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Massey v. Helman, 259 F.2d 641, 647 (7th Cir. 2001). Therefore, the allegation that plaintiff's grievance was obstructed, alone, does not support a claim under section 1983.

An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support claim under section 1983. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff alleges that defendants retaliated against him for filing an inmate appeal. However, there are no facts alleged in the complaint supporting a claim that defendants Hernadez, Bottello, and Carbal took any adverse action against him for utilizing the inmate appeals process. Accordingly, plaintiff fails to state a claim under section 1983 for retaliation.

#### b. Denial of Access to the Courts

Although plaintiff does not specifically allege a claim for denial of access to the courts, plaintiff does allege prison officials are effectively denying him access to the courts by obstructing the grievance process. For this reason, the court will address the possibility of a claim for denial of access to the courts.

///

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346, 116 S.Ct. 2174, 2177 (1996). The right is limited to direct criminal appeals, habeas petitions, and civil rights actions, and the government is not required to enable the inmate to discover grievances or to litigate effectively once in court. Id. at 354

Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15, 122 S.Ct. 2179, 2185-87 (2002). In order to state a claim for denial of access to the courts, plaintiff must show that an "actual injury" by being shut out of court. Harbury 536 U.S. at 415, 121 S.Ct. at 2187; Lewis, 518 U.S. at 351, 116 S.Ct. at 2180; Phillips v. Hust, 477 F.3d 1070, 1076 (9th Cir. 2007).

Plaintiff's complaint is devoid of any facts supporting a claim that defendants Hernadez, Bottello, and Carbal's actions or omissions caused plaintiff to suffer an actual injury with respect to court litigation. To the extent that plaintiff was prevented from exhausting claims due to misconduct by prison officials, none of whom are named in the complaint, a claim for denial of access to the courts will accrue if and only if the failure to exhaust leads to the dismissal of a pending suit. Until such an event occurs, plaintiff has not suffered an actual injury.

3.   Supervisory Liability Claim Against Defendant Woodford

Plaintiff names former California Department of Corrections and Rehabilitation (CDCR) Director J. Woodford as a defendant. Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy

'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Here, plaintiff's complaint does not state any cognizable claims for relief for violation of plaintiff's constitutional rights. Absent the existence of a violation of plaintiff's constitutional rights, there is no basis upon which to impose supervisory liability against defendant Woodford. Further, even if plaintiff had alleged a cognizable violation of his constitutional rights, plaintiff's complaint is devoid of any allegations supporting a claim that defendant Woodford personally participated in the alleged deprivation of a constitutional right; knew of the violation and failed to act to prevent it; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black at 646. Plaintiff may not impose liability on defendant Woodford in this action simply because she was the head of CDCR.

C.   Conclusion

The court finds that plaintiff's complaint does not state a claim upon which relief may be granted under section 1983. The court will provide plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the court in this order.

Plaintiff is informed he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in

the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim upon which relief may be granted under section 1983;
2. The Clerk's Office shall send plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, plaintiff shall file an amended complaint; and
4. If plaintiff fails to file an amended complaint in compliance with this order, the court will recommend that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated: **July 21, 2007**          /s/ **Dennis L. Beck**
                                  UNITED STATES MAGISTRATE JUDGE